## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LLOYD N. MOORE<br>    3060 Blaine Street<br>    Coconut Grove, FL 33133<br><br>*Plaintiff,*<br><br>v.<br><br>ST. JOHN'S COLLEGE HIGH SCHOOL<br>    2607 Military Road, NW<br>    Washington, DC 20015<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Lloyd N. Moore (hereinafter referred to as "Mr. Moore" or "Plaintiff") by and through the undersigned counsel, and through his Complaint alleges the following claim against St. John's College High School (hereinafter referred to as "St. Johns," or "Defendant").

## THE PARTIES

1. Plaintiff Lloyd N. Moore is a resident of State of Florida. Plaintiff is the father of Merrit Michael Moore.

2. Defendant St. Johns College High School is a corporation located in Washington D.C. registered and licensed to provide private education services.

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, which states that district courts have original jurisdiction of all civil actions

arising under the constitution, laws, or treaties of the United States. Plaintiff seeks relief from this court for a violation of 42 U.S.C §1981.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b) because all of the actions complained of herein took place in the District of Columbia within the jurisdiction of the United States District Court for the District of Columbia.

## STATEMENT OF THE CASE

5. This cause of action arises from a contract entered into by Lloyd N. Moore and St. Johns under which Plaintiff's son, Merrit Michael Moore, attended St. John's.

6. It is alleged that Defendant has unreasonably and unconstitutionally dismissed Plaintiff's son from St. Johns as well as breached the contract established between the parties on the basis of Plaintiff's son's race. Plaintiff further alleges that his son has been subject to systematic sanctions while in attendance at St. Johns.

7. Mr. Moore paid the tuition and executed the enrollment forms for Merrit's enrollment at St. John's. (See Exhibit 1). For each year that Merrit attended St. Johns, Plaintiff paid the deposit, tuition and signed the enrollment forms. Mr. Moore and St. Johns created a valid and enforceable contract relating to Michael's attendance at St. Johns and Plaintiff was solely responsible for the financial obligation of Merrit's education.

8. Plaintiff and his son are both members of a constitutionally protected class as African American males.

9. On March 3, 2009 Merrit was accused of bringing alcohol onto the premises of St. Johns.

10. The alcohol was allegedly consumed on campus by both Plaintiff's son and another student who is a White female.

11. The school chose to punish Merrit and the White female, who were involved in the exact same violations, differently.

12. The White female involved in the incident with Plaintiff's son was punished with a three day suspension.

13. Merrit, on the other hand, was given the option that if he did not voluntarily withdraw from the school, he would be expelled.

14. Under pressure from the Defendant and fearful of the consequences, Merrit's mother reluctantly withdrew Merrit from the school without consulting Plaintiff.

15. Defendant, through the dismissal of Merrit, terminated the contract with Plaintiff.

16. By letter dated March 9, 2009, Mr. Moore invited the school to provide an explanation of the disparate treatment of the two students involved in the incident and Defendant's reply was, "an appeal is not appropriate in the case of a withdrawal."

17. Defendant has incorrectly categorized the dismissal of Plaintiff's son from the School as a "withdrawal" because the withdrawal was done under duress by Merrit's mother who acted from the fear created by the threat of Merrit's expulsion.

18. Subsequent attempts to re-enroll Plaintiff's son in St. Johns have been denied.

19. Plaintiff's son was dismissed solely on the basis of race without any opportunity to appeal Defendant's decision.

20. The actions of Defendant have violated the clearly established and well settled federal constitutional right to enter into and enforce contracts without regard to race or national origin as a factor.

21. As a direct and proximate result of the said acts of Defendant, Plaintiff has suffered:

   a. The humiliation and degradation of being unfairly treated purely on the basis of race.

   b. The loss of the tuition paid for the 2008-2009 school year.

   c. The loss of security of having his son spend his senior year at the college preparatory school he has continuously attended before this incident.

   d. The anguish of the dormant effects his son will suffer for years from being discriminated upon by his race at this developmental point of his life.

## COUNT I: VIOLATION OF 42 U.S.C §1981

22. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference as if set forth in full herein.

23. Mr. Moore has rights secured by 42 U.S.C §1981 to make and enforce contracts on the same basis as all other citizens regardless of race.

24. Defendant negotiated and entered a valid and binding contract with Plaintiff.

25. In entering into the contract with St. John's, Plaintiff reasonably relied that the contract would be honored in the same manner as those contracts held between the Defendant and parents of White students.

26. Defendant acted in violation of law to deny Mr. Moore equal protection of the laws, and to discriminate against him on the basis of race, in violation of 42 U.S.C §1981 by not fulfilling the contract establish by the two parties solely on the basis of race.

27. As a result of this disparate treatment in honoring Mr. Moore's contract, he has suffered damages aforesaid.

## COUNT II: VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN'S RIGHT ACT

28. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference as if set forth in full herein.

29. Defendant, in violation of D.C. Code §2-1402.41, deprived Plaintiff's son the right to access Defendant's facilities, services, benefits and programs wholly based upon the Plaintiff's race.

30. As a result of this deprivation Plaintiff has suffered damages aforesaid.

## COUNT III: BREACH OF CONTRACT

31. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference as if set forth in full herein.

32. Defendant negotiated and entered a valid and binding contract with Plaintiff.

33. In entering into the contract with St. John's, Plaintiff reasonably relied on the Defendant to provide the bargained for quality education of a college preparatory school.

34. Defendant breached the established contract by threatening Merrit's mother with a summary suspension, which in effect, constructively terminated the contract with Plaintiff, the party who executed Merrit's enrollment forms, paid the tuition and established himself as the party financially responsible for Merrit's continued attendance.

35. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered the financial losses aforesaid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lloyd N. Moore, Jr. prays that this Court will:

- A. Rule that judgment be entered in Plaintiff's favor for Counts One through Three;
- B. Enjoin Defendant from continuing to discriminate on the basis of race.
- C. Award Plaintiff compensatory damages against Defendants.
- D. Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C §1988
- E. Grant such further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Date: August 10, 2009　　　　　　　　Respectfully Submitted,

LLOYD N. MOORE, JR.

By: _____
Frederick A. Douglas, DC Bar No. 197897
Curtis A. Boykin, DC Bar No. 444120
DOUGLAS & BOYKIN PLLC
1850 M Street NW, Suite 640
Washington, DC  20036
202-776-0370 (V)
202-776-0975 (F)