UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LLOYD N. MOORE** | ) |
| | ) |
| PLAINTIFF, | ) CIV. ACTION NO. 1:09-CV-01498-RWR |
| | ) JUDGE RICHARD W. ROBERTS |
| v. | ) |
| | ) |
| **ST JOHN'S COLLEGE HIGH SCHOOL** | ) |
| | ) |
| **DEFENDANT.** | ) |
| _____ | ) |

## DEFENDANT ST. JOHN'S COLLEGE HIGH SCHOOL'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant St. John's College High School ("St. John's"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8, 12 and 13, hereby files and serves its Answer, Affirmative Defenses and Counterclaim, and answers and responds to the numbered paragraphs of the Complaint as follows:

1.  Defendant St John's is without sufficient knowledge and information to form a belief as to the state of residency of the Plaintiff. Upon information and belief, Defendant St. John's admits that Lloyd N. Moore ("Moore") is the father of Merrit Michael Moore ("Merrit Moore").

2.  Defendant St. John's admits that St. John's College High School is a District of Columbia corporation and admits that it possesses all necessary licenses and registrations to provide private education services.

3.  Defendant St John's admits that 28 U.S.C. §1331 provides that District Courts have jurisdiction over claims arising under the constitution, laws and treaties of the United States. Defendant St John's admits that a portion of Plaintiff's Complaint seeks relief for an alleged violation of 42 U.S.C. §1981.

4.      Defendant St John's admits that venue properly lies in this judicial district.

## STATEMENT OF THE CASE

5.      Defendant St John's denies that it entered into a contract with the Plaintiff related to Merrit Moore's attendance at St. John's College High School.

6.      Defendant St John's denies the existence a contract between the parties related to Merrit Moore, denies that it breached any contract between the parties related to Merrit Moore, denies that it unreasonably or unconstitutionally dismissed Merrit Moore from St. John's and denies that it breached any contract related to Merrit Moore or any other student upon the basis of race.  Defendant St. John's can neither admit nor deny the remaining allegations in this paragraph because the term "systematic sanctions" is undefined, vague and confusing.  To the extent it understands such term, Defendant St. John's denies that Merrit Moore was the subject of "systematic sanctions while in attendance at St. John's" and further states that Merrit Moore was the subject of disciplinary proceedings based upon his frequent misconduct and repeated failures to follow the rules set forth in the St. John's Student Parent Handbook.

7.      Defendant St John's admits that Lloyd Moore paid a portion of the 2008-2009 tuition for Merrit Moore through a third party payment service.  Defendant St. John's denies the remainder of the allegations set forth in paragraph 7, except admits that the Plaintiff is believed to have paid Merrit Moore's tuition for years prior to the 2008-2009 school year.

8.      Defendant St John's is without sufficient knowledge and information to form a belief as to the Plaintiff's race and therefore cannot admit or deny this allegation.  Upon

information and belief, Merrit Moore is a mixed race male. The remainder of paragraph 8 alleges legal conclusions for which no response is required.

9. Defendant St John's admits that on March 3, 2009, Merrit Moore was found on St. John's property with alcohol in his possession and that Merrit Moore admitted bringing such alcohol onto St. John's property. Defendant St. John's denies the remainder of the allegations set forth in paragraph 9.

10. Defendant St. John's admits that it had good and sufficient grounds to conclude that Merritt Moore and another student consumed the alcohol brought by Merrit Moore onto St. John's property on March 3, 2009.

11. Defendant St. John's denies the allegations set forth in paragraph 11.

12. Defendant St. John's admits that Kendall Clark, the St. John's student that consumed alcohol provided by Merrit Moore on St. John's property, received a three-day suspension, states that such suspension was served by Ms. Clark during St. John's investigation. Defendant St. John's denies the remainder of the allegations in paragraph 12 to the extent that they imply the totality of Ms. Clark's punishment.

13. Defendant St. John's denies the allegations set forth in paragraph 13.

14. Defendant St. John's admits that Merrit Moore's mother voluntarily executed documents withdrawing him from St. John's. Defendant St. John's is without sufficient knowledge and information to admit or deny the remainder of the allegations set forth in paragraph 14.

15. Defendant St. John's denies the allegations set forth in paragraph 15.

16. Defendant St. John's admits that the Plaintiff sent it a letter, dated March 9, 2009. The Plaintiff's March 9, 2009, correspondence speaks for itself and no further response is required. Defendant St. John's admits that it responded to the Plaintiff March 9,

2009, correspondence and states that its response speaks for itself and no further response is required.

17.     Defendant St. John's denies the allegations set forth in paragraph 17 and specifically denies that Merrit Moore was withdrawn by his mother under duress. Defendant St. John's cannot admit or deny those allegations in paragraph 17 which allege matters related to Merrit Moore's mother's state of mind.

18.     Defendant St. John's admits that subsequent to his withdrawal, Merrit Moore has not been re-enrolled at St. John's. Defendant St. John's denies the remainder of the allegations set forth in paragraph 18 to the extent that they imply that attempts to re-enroll Merrit Moore were after he was withdrawn from St. John's.

19.     Defendant St. John's admits that no opportunity exists for an appeal of Mallory Tablantino's decision to voluntarily withdraw Merrit Moore from St. John's. Defendant St. John's denies all other allegations set forth in paragraph 19.

20.     Defendant St. John's denies the allegations contained in paragraph 20.

21.     Defendant St. John's denies that the Plaintiff has suffered any damages, directly and proximately or otherwise, and specifically denies that the Plaintiff has suffered any humiliation or degradation of being unfairly treated purely on the basis for race, denies that the Plaintiff has lost the tuition paid, in part, for the 2008-2009 school year, denies that the Plaintiff has lost any security related to Mallory Tablantino's decision to withdraw Merrit Moore from St. John's and denies that Lloyd Moore sustained any anguish of any dormant effects Merrit Moore will allegedly suffer for years. To the extent a further response is required, Defendant St. John's denies the allegations contained in paragraph 21.

## COUNT I: VIOLATION OF 42 U.S.C. §1981

22. Defendant St. John's incorporates its answers to paragraphs 1 through 21 as if fully set forth herein.

23. Defendant St. John's denies the allegations contained in paragraph 23.

24. Defendant St. John's denies the allegations set forth in paragraph 24.

25. Defendant St. John's denies the allegations set forth in paragraph 25 and states that it complies with all federal and local laws and regulations and that it does not discriminate against any student for any reason, including based upon race.

26. Defendant St. John's denies the allegations contained in paragraph 26, denies the existence of a contract between the parties and denies that it discriminated against the Plaintiff based upon his race.

27. Defendant St. John's denies the allegations contained in paragraph 27.

## COUNT II: VIOLATION OF THE
## DISTRICT OF COLUMBIA'S HUMAN'S RIGHT [SIC] ACT

28. Defendant St. John's incorporates its answers to paragraphs 1 through 27 as if fully set forth herein.

29. Defendant St. John's denies the allegations contained in paragraph 29 and denies that it deprived Merrit Moore the right to access St. John's facilities, services, benefits, and programs wholly based upon his race.

30. Defendant St. John's denies the allegations contained in paragraph 30.

## COUNT III: BREACH OF CONTRACT

31. Defendant St. John's incorporates its answers to paragraphs 1 through 30 as if fully set forth herein.

32. Defendant St. John's denies of the allegations set forth in paragraph 32.

33. Defendant St. John's denies of the allegations set forth in paragraph 33, except admits that it provides students with a quality education consistent with a college preparatory school.

34. Defendant St. John's denies of the allegations set forth in paragraph 34, denies the existence of a contract between the parties, denies that it threatened Merrit Moore' mother at any time and denies the constructive termination of any contract related to Merrit Moore.

35. Defendant St. John's denies the allegations contained in paragraph 35.

WHEREFORE, Defendant St. John's prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice in its entirety;

2. That Plaintiff take nothing from Defendant St. John's by reason of its Complaint;

3. That judgment be entered in favor of Defendant St. John's;

4. For recovery of Defendant St. John's costs of suit, including attorneys' fees, and

5. For such other and further relief as the Court deems just and proper.

.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant St. John's upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No actual and justiciable case or controversy exists.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in any count.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

All actions taken with respect to Plaintiff's son were taken in good faith and based upon legitimate, nondiscriminatory, and non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred as moot.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because no conduct by or attributable to Defendant St. John's was the cause of any damages allegedly suffered by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for breach is based upon a contract he is not a party to accordingly lacks the capacity to sue.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant St. John's reserves the right to add such other affirmative defenses as may become known or necessary during this action.

## **COUNTERCLAIM**

Counter-plaintiff St. John's College High School ("St. John's"), by and through undersigned counsel, hereby asserts the following counterclaim against counter-defendant Lloyd Moore, and states as follows:

1. This counterclaim alleges a cause of action against Lloyd Moore for breach of contract based upon his failure to pay the full tuition for the 2008-2009 school year to St. John's on behalf of his son, Merritt Moore.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this counterclaim and over the Plaintiff pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court inasmuch as St. John's campus is located in the District of Columbia and the vast majority of events related to the counterclaim took place in the District of Columbia.

## **FACTUAL BACKGROUND**

4. Upon information and belief, during the summer of 2008, Lloyd Moore agreed to be responsible for Merrit Moore's tuition at St. John's for the 2008-2009 school year.

5. Lloyd Moore agreed to do so despite his status as a non-custodian parent of Merrit Moore.

6. On or about July 14, 2008, the Plaintiff entered into a contract with Facts Management Company.

7. The Plaintiff utilized the Facts payment program for the purpose of making periodic payments related to Merrit Moore's 2008-2009 tuition at St. John's.

8. Tuition for students at St. John's is due in full prior to the commencement of the school year during the late summer of each year.

9. There is no provision for partial payments of tuition or for refund of any tuition payments for students who withdraw from St. John's during the school year.

10. By making some, but not all, of Merrit Moore's tuition payments during the 2008-2009 calendar year, Lloyd Moore agreed to be financially responsible for the entirety of his tuition for such year.

11. The total tuition due to St. John's related to Merrit Moore's enrollment for the 2008-2009 school year was $13,434.00.

12. To date, only $6,720.00 has been paid towards to total tuition.

13. Lloyd Moore failed to make all required tuition payments for Merrit Moore for the 2008-2009 school year.

14. Lloyd Moore owes St. John's in the amount of $6,714.00 related to Merrit Moore's unpaid 2008-2009 school year tuition.

## COUNT I – BREACH OF CONTRACT

15. St. John's incorporates by reference its allegations in paragraphs 1 through 14 as if set forth fully herein.

16. Lloyd Moore has committed material breaches of the terms and conditions of his admission to St. John's as a full time matriculating student.

17. Lloyd Moore's material breaches of the Agreement include, but are not limited to, failing to pay to St. John's an amount equal to Merrit Moore's tuition in full for the 2008-2009 school year.

18. St. John's has sustained monetary and other damages as a result of Lloyd Moore's material breaches of the Agreement.

WHEREFORE, Defendant/Counter-plaintiff St. John's College High School respectfully request that this Court enter judgment in its favor and against the Plaintiff, and further award it (a) compensatory damages in the amount of $6,714.00; (b) pre-judgment and post-judgment interest; (c) reasonable attorneys' fees and costs; and (d) such further relief that this Court deems just and proper.

Dated this 13th day of October, 2009.

By /s/ Stewart D. Fried
Stewart D. Fried, Esq.
D.C. Bar #457801
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
Telephone:  202-824-1434
Facsimile:  202-585-0066
sfried@kilpatrickstockton.com

Of Counsel:
Michael W. Tyler
KILPATRICK STOCKTON LLP
1100 Peachtree Ave
Suite 2800
Atlanta , GA 30309-4528
Telephone:  404-815-6500
Facsimile:  404-815-6555
mtyler@kilpatrickstockton.com

*Attorneys for Defendant St. John's College High School*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2009, I electronically transmitted Defendant St. John's College High School's Answer, Affirmative Defenses and Counterclaim to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the attorneys listed on the ECF system for this case.

                                                  /s/ Stewart D. Fried
                                                  Stewart D. Fried